UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------
BARBARA J. SCHABHUTTL,

                Plaintiff,

      -against-

BJ'S MEMBERSHIP CLUB, INC., BJ'S WHOLESALE CLUB, INC., BJ'S WHOLESALE CLUB HOLDINGS, INC., and ABC CORP. #1 through ABC CORP. #5, said names being fictitious and unknown to plaintiff, and intended to be the owner, tenant, management and/or maintenance company of the subject premises,

                Defendants.
--------------------------------------------------

**MEMORANDUM & ORDER**
**23-CV-782 (NGG) (JMW)**

Supreme Court State of New York,
Nassau County, 601171/2022

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Barbara Schabhuttl moves to remand the instant action to state court. (*See generally* Pl.'s Mot. (Dkt. 9).) For the reasons stated below, Plaintiff's motion is GRANTED.

## I. BACKGROUND

Plaintiff alleges that she was injured when she slipped and fell at Defendants' store located at 711 Stewart Ave, Garden City, New York on January 28, 2019. (Pet. f. Removal (Dkt. 1) ¶ 2.) She filed a civil action for an unspecified amount of damages against the Defendants on January 28, 2022 in the Supreme Court of the State of New York, County of Nassau. (*Id.* ¶¶ 1, 4; Ex. A to Pet. f. Removal (Dkt. 1-2) at ECF 19.) On March 22, 2022, Defendants served Combined Discovery Demands on Plaintiff, asking for information on various topics, (Ex. A to Defs.' Opp. (Dkt. 12-1) ¶ 20); Defs' Opp. ¶ 4), including "a copy of all documents that will be introduced at trial to establish economic loss." (Defs.' Opp. ¶ 20.) After receiving no response, Defendants sent Plaintiff good

faith letters for discovery on April 19, 2022 and May 26, 2022. (Ex. B to Defs.' Opp. (Dkt. 12-2).) They followed up by filing a Motion to Compel on July 11, 2022. (Ex. C to Defs.' Opp. (Dkt. 12-3).) Plaintiff ultimately provided a Verified Bill of Particulars and a Response to the Combined Discovery Demands on January 23, 2023, (Ex. E to Pl's. Mot. (Dkt. 9-5) at ECF 21; Ex. F to Pl's. Mot. (Dkt. 9-6)), and verbally demanded $1,500,000 in damages at a status conference on January 24, 2023. (Pet. f. Removal ¶ 6; Pl's. Mot. ¶ 12.) Defendants removed the action based on diversity jurisdiction on February 2, 2023, more than one year after Plaintiff filed her Complaint. (*See generally* Pet. f. Removal.)

Plaintiff now seeks to remand this case back to state court under 28 U.S.C. § 1447, arguing that Defendants' failure to comply with the one-year removal period under 28 U.S.C. § 1446(c)(1) renders this court without subject matter jurisdiction. (Pl's. Mot. ¶¶ 2-3.) Defendants counter that the court should exercise its discretion to extend the one-year removal period, as it is permitted to do under § 1446(c), because Plaintiff acted in bad faith to prevent removal. (Defs.' Opp. (Dkt. 12) ¶ 8.)

## II. LEGAL STANDARD

As courts of limited jurisdiction, federal courts possess only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction exists where a "federal question" is presented, 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Id.* § 1332. A defendant may remove "any civil action brought in a state court" to federal court where "the district courts of the United States have original jurisdiction." *Id.* § 1441(a).

A defendant seeking to remove to federal court based on diversity bears the burden of establishing that the applicable

jurisdictional requirements have been met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 287 (E.D.N.Y. 2014). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).[1]

### III. DISCUSSION

A defendant can remove a civil action within 30 days of receipt of the initial pleading, 28 U.S.C. § 1446 (b)(1), or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it can be ascertained that the case is removable. *Id.* § 1446(b)(3). However, "[a] case may not be removed under [§ 1446(b)(3)] on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

There is no dispute that Defendants failed to remove this action within the one-year period specified under § 1446(c)(1).[2] At issue is whether Defendants can take advantage of the bad faith exception under this Section.

"[C]ourts in this Circuit have granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

[2] That Defendants removed within 30 days of receiving the verbal settlement demand does not render removal timely, *see* Defs.' Opp. ¶ 7, as § 1446(b)(3) is qualified by the § 1446(c)(1) limitations period.

state court." *Kozlova v. Whole Foods Mkt. Grp.*, No. 20-CV-6025 (RPK) (RLM), 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021), *adopting* R&R, 2021 WL 4755891 (E.D.N.Y. Jan. 24, 2021) (quoting *Cruz v. Stop & Shop Supermarket Co.*, No. 19-CV-11565 (RA), 2020 WL 3430193, at *3 (S.D.N.Y. June 23, 2020)); *see also Ehrenreich*, 994 F. Supp. 2d at 288. This exception has been applied where there is "evidence of the plaintiff's nefarious intent to delay so as to prevent removal." *Cruz*, 2020 WL 3430193, at *4; *see also Martinez v. Yordy*, No. 16-CV-5 (BMC), 2016 WL 8711443, at *3 (E.D.N.Y. Feb. 19, 2016) ("The exception to the one-year limitations requires more than just bad faith; it requires bad faith *plus* the motive to prevent removal.") (emphasis in original). "Courts look to a plaintiff's actions in a litigation to evaluate whether those actions were taken in bad faith for the purpose of causing delay and defeating removal." *Klimaszewska v. Target Corp.*, No. 21-CV-374 (LDH) (LB), 2021 WL 2877416, at *3 (E.D.N.Y. June 4, 2021), *R&R adopted*, 2021 WL 2856891 (E.D.N.Y. July 8, 2021.) A defendant must make a showing of bad faith by clear and convincing evidence. *Kozlova*, 2021 WL 4398234, at *4.

Late disclosure of the amount-in-controversy has, on its own, generally been insufficient to show bad faith. *See, e.g., Champion v. CBS Albany, LLC*, No. 22-CV-7748 (JMA) (ST), 2023 WL 1766284, at *4 (E.D.N.Y. Feb. 3, 2023) (finding that a plaintiff who disclosed damages 23 days before the end of the removal period did not act in bad faith); *Kozlova*, 2021 WL 4398234, at *4-5 (holding that that disclosure of "a list of injuries like others that courts in this circuit have found adequate for removal" one month before the deadline was sufficient); *see also Cruz*, 2020 WL 3430193, at *4 ("The timing of a plaintiff's filings in state court, however, is insufficient alone to support a finding of bad faith."). In *Martinez*, Judge Cogan reached this conclusion where disclosure of the amount-in-controversy was made *after* the expiry of the removal period, as the defendant produced no

4

evidence of bad faith or intent to prevent removal. 2016 WL 8711443, at *2-3; *see also Klimaszweska*, 2021 WL 2877416, at *4; *Elome v. Sva Trucking LLC*, No. 21-CV-5241 (BMC), 2021 WL 4480456, at *2-3 (E.D.N.Y. Sept. 30, 2021) (same); *Purple Eagle Ent. Inc. v. Bray*, No. 18-CV-3767 (GBD) (HBP), 2018 WL 7968909, at *3 (S.D.N.Y. Dec. 6, 2018), *R&R adopted*, 2019 WL 493812 (S.D.N.Y. Feb. 8, 2019) (same).

Defendants' only evidence of bad faith is delay. They continued to press Plaintiff's counsel about the sought-after damages sum throughout the removal period, only for this figure to be disclosed four business days before the deadline to remove.[3] (Defs.' Opp. ¶¶ 9-10 (noting attempts to obtain discovery in April, May, July, and November 2022).) This is not a case where the defense was negligent in seeking jurisdictional discovery. *See Marin v. Sephora USA, Inc.*, No. 20-CV-3530 (CM), 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020). Nor one where the plaintiff has an explanation for their unresponsiveness. *See Klimaszewska*, 2021 WL 2877416, at *4.

But delay alone is insufficient to show bad faith. *Kozlova*, 2021 WL 4398234 at *4 ("Unresponsiveness does not amount to bad faith absent indicia of intent to prevent removal."). And Defendants have provided no other evidence supporting this showing.

---

[3] Plaintiff argues that the Defendants possessed sufficient information to ascertain the amount-in-controversy as of January 23, 2023 when they were served with Plaintiff's Verified Bill of Particulars. (Pl's. Mot. ¶¶ 22-23.) Defendants claim the case became removable on January 24, 2023 upon Plaintiff's verbal demand for $1,500,000 in damages. (Pet. f. Removal ¶¶ 6, 7.) Though it is possible that Defendants could have ascertained the amount-in-controversy from the Verified Bill of Particulars, *see Kozlova*, 2021 WL 4398234, at *4, the court will consider the disclosure to have been made on January 24, 2023. Moreover, though the one-year removal period ended on Saturday, January 28, 2023, this deadline was extended until Monday, January 30, 2023 per Federal Rule of Civil Procedure 6(a)(1)(C). Fed. R. Civ. P. 6(a)(1)(C). Defendants thus had four business days and six calendar days to file their notice of removal.

Plaintiff's counsel was also not wholly unresponsive: he submitted detailed medical records to Defendants' claims administrator on July 30, 2020. (*See* Ex. 1 to Pl's. Reply (Dkt. 13-1).) Such information may have been sufficient to put the Defendants on notice of the amount-in-controversy.[4] It is unclear both whether this information reached Defense counsel and why Plaintiff's counsel made this disclosure to Defendants' claims administrator rather than their counsel. Defendants have not, however, shown that this was done with an intent to obstruct removal. *See Martinez*, 2016 WL 8711443, at *3 (noting the defendant's burden of showing bad faith or intention to prevent removal); *see also Ehrenreich*, 994 F. Supp. 2d at 287 ("The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant."). Plaintiff's late disclosure of the amount-in-controversy also did not foreclose compliance with § 1446(c)(1); the Defendants had four business days (six calendar days) after disclosure to remove to federal court. They missed this deadline by three days. (*See generally* Pet. f. Removal.)

Accordingly, Defendants may not invoke the bad-faith exception under Section 1446 (c)(1).

## IV. CONCLUSION

In light of the one-year limit on removal of actions premised on diversity jurisdiction and the lack of evidence of bad faith, this case must be remanded pursuant to 28 U.S.C. § 1446(c)(1) to

---

[4] Plaintiff contends that the Complaint put Defendants on notice that the value of the action exceeded $75,000 because each of the four causes of action alleged "the amount of damages sought in this action exceeds the jurisdictional limits," which is $25,000 in the Supreme Court of the State of New York, County of Nassau. (Pl's Mot. ¶¶ 18-19.) When aggregated, she argues, these causes of action seek in excess of $75,000. (*Id.* ¶¶ 20-21.) This is contradicted by the plain language of the Complaint, which refers to damages "in this action" rather than damages in regard to a specific claim. The Complaint thus asserts that the value of the *action* exceeds $25,000, not the value of each claim is greater than this sum.

6

the Supreme Court of the State of New York, County of Nassau. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Nassau, at 100 Supreme Court Drive, Mineola, New York 11501, and to close the case in this court.

SO ORDERED.

Dated:   Brooklyn, New York
         May 1, 2023

                                            s/Nicholas G. Garaufis
                                            NICHOLAS G. GARAUFIS
                                            United States District Judge